Claire McLEAN, Plaintiff,

v.

CARLSON COMPANIES,
INC., Defendant.

Civ. No. 3–91–453.

United States District Court,
D. Minnesota,
Third Division.

Nov. 25, 1991.

Karla R. Wahl, Minneapolis, Minn., for plaintiff.

R. Scott Davies, Briggs and Morgan, Minneapolis, Minn., for defendant.

## MEMORANDUM OPINION AND ORDER

DEVITT, District Judge.

In this action removed from state court, the basic issue on plaintiff's motion for remand is whether the Employee Retirement Income Security Act (ERISA) preempts plaintiff's retaliatory discharge claim pursued under authority of a Minnesota statute which prohibits employers from retaliating against "whistle blowing" employees. The court finds ERISA preempts plaintiff's retaliatory discharge claim and provides a remedy; accordingly, the court will deny plaintiff's remand motion.

### Background

Plaintiff Claire McLean commenced this action in state district court, Hennepin County, to recover damages she alleges to have sustained in connection with being discharged from employment with defendant Carlson Companies, Inc. Prior to her discharge, plaintiff worked in defendant's employee benefits department and participated in an employee benefit plan offered by defendant. Plaintiff maintains defendant terminated her employment because she reported to defendant violations of federal law in connection with the administration of the employee benefit plan. Plaintiff claims her termination violated Minn.Stat. § 181.932, Subd. 1(a) (1990).[1] Plaintiff also pleads common law claims of defamation and breach of the covenant of good faith and fair dealing. Defendant timely removed the action to federal court under authority of 28 U.S.C. § 1441.

### Discussion

Plaintiff argues that defendant removed this case to federal court improvidently because there is no basis for federal jurisdiction over plaintiff's claims. Plaintiff points out correctly that the parties are not of diverse citizenship and no violation of federal law is alleged expressly within her complaint. Defendant contends in opposition to plaintiff's remand motion that removal was proper because ERISA preempts plaintiff's statutory wrongful discharge claim and provides plaintiff a remedy. Defendant relies principally upon decisions of the United States Supreme Court which afford ERISA expansive preemptive force.

### A.

A defendant may remove a case only when the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A court determines whether a cause of action arises under federal law by examining the well-pleaded complaint to determine wheth-

---

1. The statute prohibits employers from retaliating against employees who "blow the whistle" on illegal activity and provides in pertinent part:

    Subdivision 1. **Prohibited action.** An employer shall not discharge, discipline, threaten, otherwise discriminate against, or penalize an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because:

    (a) the employee, or a person acting on behalf of the employee, in good faith, reports a violation or suspected violation of any federal or state law or rule adopted pursuant to law to an employer or to any governmental body or law enforcement official;

    \* \* \* \* \* \*

    Minn.Stat. § 181.932, Subd. 1 (1990).

er it alleges violations of federal law. *See Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Federal preemption is offered generally as a defense to an action. "As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987).

■ In *Metropolitan Life,* however, the Supreme Court determined that an action is removable (though the complaint asserts only state law causes of action) if the state law claims asserted in the complaint are preempted by ERISA *and* fall within the scope of ERISA's civil enforcement provision, section 502(a). *Id.* at 64–66, 107 S.Ct. at 1546–48. Stated another way, a state law cause of action designed to remedy a particular wrong and preempted by ERISA is not removable unless ERISA provides a civil remedy for the wrong as well. *Id.* at 64, 107 S.Ct. at 1547 (citing *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 25–27, 103 S.Ct. 2841, 2854–56, 77 L.Ed.2d 420 (1983)); *see also Willy v. Coastal Corp.,* 855 F.2d 1160, 1165–66 (5th Cir.1988); *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997 (9th Cir.1987).[2]

## B.

■ The court first analyzes whether, given the present context, ERISA preempts Minn.Stat. § 181.932. ERISA § 514(a) provides:

Except as provided in subsection (b) of this section, the provisions of this sub-

chapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). The Supreme Court instructs that Congress used the words "relate to" in a broad sense. *Ingersoll–Rand Co. v. McClendon,* ── U.S. ──, ──, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990) (citing *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 98, 103 S.Ct. 2890, 2900–01, 77 L.Ed.2d 490 (1983)). "A law 'relates to' an employee benefit plan ... if it has a connection with or reference to such a plan." *Shaw,* 463 U.S. at 96–97, 103 S.Ct. at 2900.

Under this 'broad common-sense meaning,' a state law may 'relate to' a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect.

*Ingersoll–Rand,* ── U.S. at ──, 111 S.Ct. at 483.[3]

Despite its broad construction of § 514(a), the Supreme Court has recognized limits to ERISA preemption and held that ERISA does not preempt either a generally applicable state statute that "might burden the administration of a plan" or "that makes no reference to, or ... functions irrespective of, the existence of an ERISA plan." *Ingersoll–Rand,* ── U.S. at ──, 111 S.Ct. at 483 (citing *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988) and *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 107 S.Ct. 2211, 96

---

**2.** The court is cognizant that, under the rationale set forth above, it is possible to determine that ERISA preempts a state law cause of action and, at the same time, determine that ERISA does not provide a cause of action based upon the wrong alleged. It is well within Congress' power to decide that "federal law should govern a broad area to the exclusion of state regulation and choose[ ] not to prohibit actions formerly prohibited by state law." *Phillips v. Amoco Oil Co.,* 799 F.2d 1464, 1470 (11th Cir.1986), *cert. denied,* 481 U.S. 1016, 107 S.Ct. 1893, 95 L.Ed.2d 500 (1987).

**3.** ERISA's broad preemption provision furthers Congress' intent to provide uniform federal laws to regulate employee benefit plans. *See, e.g., Mid America Hotel Corp. v. Bernstein,* 664 F.Supp. 384, 386 (N.D.Ill.1987). Among other things, uniform laws make it possible for employers to more easily create and administer employee benefit plans. Absent uniformity, employers likely would be apprehensive to formulate and administer such plans.

L.Ed.2d 1 (1987)). The Court has also indicated that certain "state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21. Finally, the Court presumes Congress did not intend to preempt "areas of traditional state regulation" when it enacted ERISA. *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 740, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985).

■ Courts have condensed the above authority and the vast body of case law interpreting ERISA's preemptive breadth and determined that ERISA preempts state laws falling into one or more of four categories: (1) laws that regulate the types of benefits or terms of ERISA plans; (2) laws that create reporting, disclosure, funding, or vesting requirements for ERISA plans; (3) laws that provide rules for the calculation of benefits to be paid under ERISA plans; and (4) laws that provide remedies for misconduct growing out of the administration of ERISA plans. *See, e.g., Felton v. Unisource Corp.*, 739 F.Supp. 1388, 1390 (D.Ariz.1990), *aff'd and rev'd in part*, 940 F.2d 503 (9th Cir.1991).

■ More pertinent to this action, state common law or statutory causes of action for wrongful discharge premised on allegations that the employer discharged an employee because the employee asserted rights under an employee benefit plan are preempted by ERISA. *Ingersoll–Rand*, —— U.S. at ——, 111 S.Ct. at 485; *see also Yerger v. Landis Manufacturing Systems, Inc.*, Civ.A. No. 88–7694, 1989 WL 66443 at *4 (E.D.Pa.1989); *Pratt v. Delta Air Lines, Inc.*, 675 F.Supp. 991, 998 (D.Md.1987); Cf. *Authier v. Ginsberg*, 757 F.2d 796, 799–800 (6th Cir.1985), *cert. denied*, 474 U.S. 888, 106 S.Ct. 208, 88 L.Ed.2d 177 (1985) (state law wrongful discharge claim based upon allegation that employer discharged plaintiff for complying with ERISA fiduciary duty provisions preempted by ERISA).

Here, plaintiff's complaint alleges:

Defendant discharged and disciplined Plaintiff because Plaintiff in good faith reported a violation or suspected violation of federal and state laws including, but not limited to, [a] violation of ERISA.

Complaint at 2, ¶ 9. The court finds that ERISA preempts plaintiff's retaliatory discharge claim to the extent plaintiff alleges she was discharged for reporting violations of ERISA. Plaintiff's claim "relates to" an ERISA plan. To prove her claim under Minn.Stat. § 181.932, plaintiff must demonstrate that she reported violations of law "in good faith." To the extent plaintiff reported violations of ERISA, plaintiff must describe the conduct she perceived to be violative of ERISA with reference to the ERISA provisions which the conduct purportedly contravened. Defendant's motive in terminating plaintiff's employment is not the sole issue. Plaintiff's claim refers to the plan and depends upon its existence.[4] Further, to the extent it depends upon reported violations of ERISA, plaintiff's state law claim would provide a remedy for conduct arising, albeit indirectly, out of the administration of an ERISA plan.

### C.

■ Having determined that ERISA preempts plaintiff's cause of action for wrongful discharge pursued under authority of Minn.Stat. § 181.932, it remains for the court to determine whether the cause of action falls within the purview of ERISA's civil enforcement provision. The parties have not cited, and the court is unable to find, a case addressing this precise issue.

ERISA's civil enforcement provision empowers ERISA plan participants to prosecute civil actions to obtain equitable relief to redress violations of certain ERISA provisions, including ERISA § 510. 29 U.S.C. § 1132(a)(3). Section 510 provides in pertinent part:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a partici-

---

4. *See Ingersoll–Rand*, —— U.S. at ——, ——, 111   S.Ct. at 483–84.

pant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, [or] this subchapter.

29 U.S.C. § 1140 (emphasis supplied).

The parties have not cited, and the court has not found, an ERISA provision which provides plaintiff the specific right to report violations of federal law to her superiors or those responsible for the plan's administration.[5]  However, as noted earlier, ERISA affords plaintiff the right to sue to enjoin any act or practice which violates ERISA.  29 U.S.C. § 1132(a)(3).  Plaintiff clearly would have recourse under § 510 had she been discharged in retaliation for commencing a legal action against defendant to correct what she perceived to be violations of ERISA.  In view of the express authorization which plaintiff possesses under ERISA to *sue* to remedy violations of ERISA, the court finds it logical to infer that plaintiff also possesses the right to inform plan administrators of suspected violations of ERISA.  The opposite conclusion would provide a strong incentive to plan participants to institute litigation without first attempting to resolve the issue informally.  As well, it would seem anomalous for the court to prohibit actions by plaintiffs who allege to have been discharged for reporting violations of ERISA to their employers while concurrently permitting actions by those who seek to remedy the same violations through legal action.[6]

### ORDER

Based upon the foregoing, and all the files, briefs, and arguments of counsel, IT IS ORDERED that plaintiff's motion to remand this case is DENIED.

---

**5.** The parties did not submit to the court a copy of the employee benefit plan at issue here.

**6.** Defendant, in its brief in opposition to plaintiff's remand motion, argues that plaintiff has a cause of action under ERISA for retaliatory discharge.