United States Court of Appeals,

Fifth Circuit.

No. 93-1606

Summary Calendar.

George Raymond ANDERSON, a/k/a Andy Anderson, Plaintiff-Appellant,

v.

ELECTRONIC DATA SYSTEMS CORP., et al., Defendants-Appellees.

Jan. 24, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before REAVLEY, HIGGINBOTHAM and EMILIO M. GARZA, Circuit Judges.

REAVLEY, Circuit Judge:

George Anderson brought this suit in state court against his former employer, Electronic Data Systems Corporation (EDS), and others. He asserted state common law causes of action for wrongful discharge, tortious interference with prospective business and contractual relationships, and infliction of emotional distress. The defendants removed the case to federal court and were either voluntarily dismissed or obtained summary judgments. On appeal, Anderson does not directly challenge the summary judgments, but instead asks us to vacate the judgments and direct the remand of the case to state court, on grounds that the district court lacked subject matter jurisdiction. Because we conclude that the district court had jurisdiction by virtue of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461, we affirm.

BACKGROUND

Anderson's suit was originally filed in Texas state court against EDS and four present or former EDS employees. His state court petition asserted numerous facts and claims on which our analysis of jurisdiction rests. Regarding the general nature of his employment with EDS, the petition alleges:

On October 15, 1984, Anderson was employed by Defendant EDS for a managerial position in the Domestic Treasury Department of Defendant EDS. From October 1984 to October 1985, Anderson served as the Cash Manager in the Domestic Treasury Department, where his responsibilities included management of all cash operations, short term investments, cash

forecasting, and related information systems plus consulting with various groups within the EDS system. In October of 1985, Plaintiff was promoted to [the] position of Manager of Investments and Debt in the Domestic Treasury Department. In that position, Plaintiff had responsibilities for all domestic short and long-term investments for all pension portfolios, corporate portfolios, and Title IX portfolios. In this position, Plaintiff was charged with the responsibility of administering investment assets totaling approximately 1.3 billion dollars.

The petition alleges that Anderson was demoted and discharged for his refusal to commit illegal acts and for reporting the activities of another employee, Douglas Crow. It asserts that Anderson was asked by Crow to commit certain illegal acts, and gives four examples. Two of the examples involved the EDS pension plans. Anderson claimed that the illegal acts included:

Being asked to sign on two separate occasions approval or payment invoices on behalf of the pension portfolios under his management and supervision who [sic] had been retained by Crow without approval of the pension trustees. Such action would have been a violation of the Federal Employee Retirement Income Security Act of 1974 ("Erisa") Laws governing management of such pension plans.

\* \* \* \* \* \*

Plaintiff was also asked to write up minutes for meetings which he did not attend in connection with the EDS Retirement Plan. This also is in violation of ERISA.

The petition alleges that Anderson refused to commit these acts, and reported these incidents and other improper conduct by Crow to management. It further alleges that Anderson was demoted and then discharged because of his "refusal to commit illegal activities at Crow's request and because of his reporting Crow's own illegal or irregular activities to EDS Management." The petition asserted a cause of action for wrongful discharge, on the theory that under Texas law employment-at-will contracts cannot be terminated because of the employee's refusal to commit an illegal act. *See Sabine Pilot Serv., Inc. v. Hauck,* 687 S.W.2d 733, 735 (Tex.1985).

The defendants removed the case to federal court. Anderson filed an amended complaint deleting all references to ERISA. Defendant Crow filed a motion for summary judgment, which the court granted. Anderson moved to remand the case to state court in conjunction with filing his response to Crow's summary judgment motion. Anderson later dismissed all other defendants except EDS, and dismissed all claims except for the wrongful discharge claim. The district court denied the motion to remand and granted summary judgment as to the remaining claim.

On appeal Anderson does not challenge the summary judgments on the merits. Instead, he

claims that the district court lacked subject matter jurisdiction, and asks that we vacate the summary judgments entered by the district court and direct the remand of the case to state court.

## DISCUSSION

The state court petition did not allege any federal causes of action. EDS claims that the case was properly removed by virtue of the federal preemption afforded by ERISA. We are hardly writing on a clean slate, as the subject of federal preemption under ERISA has generated a wealth of jurisprudence. We face two related questions. The first is whether the claims asserted by Anderson are preempted by ERISA. The second is whether ERISA's "total preemption" doctrine applies to create federal question jurisdiction which will support removal of the case to federal court.

The Supreme Court's decision in *Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), provides guidance to our case. There, an employee brought a state court action against his employer alleging wrongful discharge. The employee claimed that one of the reasons for his discharge was the employer's desire to avoid making contributions to his pension plan, which allegedly would have vested in another four months. The case eventually reached the Texas Supreme Court, which held that a plaintiff could recover in a wrongful discharge action if he established that the principal reason for his termination was the employer's desire to avoid contributing to its pension plan. *Id.,* 498 U.S. at 135-36, 111 S.Ct. at 481. The United States Supreme Court reversed, holding that such a cause of action was preempted by ERISA's broad preemption provision, ERISA § 514, 29 U.S.C. § 1144, which preempts state laws which "relate to" an ERISA benefit plan. The Court reaffirmed its prior decisions noting that the preemption provision is "deliberately expansive" and "designed to "establish pension plan regulation as exclusively a federal concern,' " and that a law relates to an ERISA plan "if it has a connection with or reference to such a plan." 498 U.S. at 139, 111 S.Ct. at 482-83 (citations omitted). The Court found that the wrongful discharge claim related to an ERISA plan and was hence preempted since "the existence of a pension plan is a critical factor in establishing liability under that State's wrongful discharge law." *Id.,* 498 U.S. at 140, 111 S.Ct. at 483. As a further ground for finding preemption, the Court found that the state wrongful discharge cause of action would conflict with the express and carefully crafted

enforcement provisions found in the ERISA statute, specifically §§ 510 and 502(a)(3), (e), 29 U.S.C. §§ 1140, 1132(a)(3), (e). In describing the significance of § 502(a), the Court turned to one of its prior decisions, which had explained:

> [T]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

*McClendon,* 498 U.S. at 144, 111 S.Ct. at 485 (quoting *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987)).

*McClendon* compels us to conclude that Anderson's wrongful discharge claim is preempted insofar as it is based on his refusal to carry out violations of ERISA, and reporting such violations to management. As in *McClendon,* such a claim depends on the existence of a pension plan, and therefore relates to an ERISA plan. Further, such a claim conflicts with the detailed and carefully balanced remedy provisions of ERISA. Section 502(a) provides remedies for participants, beneficiaries, and fiduciaries of ERISA plans. Anderson was both a participant and, given the allegations in his petition regarding his management of pension portfolios, a fiduciary.[1] In addition, as in *McClendon,* Anderson's "claim falls squarely within the ambit of ERISA § 510." 498 U.S. at 142, 111 S.Ct. at 485. Section 510 addresses discharges for exercising ERISA rights or for the purpose of interfering with the attainment of ERISA rights, as well as discharges for providing information or testimony relating to ERISA.[2]

---

[1]ERISA defines a participant as "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan...." 29 U.S.C. § 1002(7). ERISA also provides that "a person is a fiduciary with respect to a plan to the extent ... he exercises ... any authority or control respecting management or disposition of its assets [or] he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has authority or responsibility to do so...." *Id.* § 1002(21)(A).

[2]Section 510 provides:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan [or] this subchapter ... or for the purpose of interfering with the attainment of any right to which such

Hence, we conclude that a state wrongful discharge cause of action based on a refusal to commit violations of ERISA and reporting such violations to management is preempted by ERISA, because such a claim relates to an ERISA plan and is expressly preempted by ERISA § 514, and because the cause of action would conflict with the enforcement provisions of §§ 502(a) and 510 of ERISA.[3] As we have previously noted, such a finding of preemption does not hinge on whether ERISA provides the remedy the plaintiff seeks or any remedy at all for the alleged wrong.[4]

A finding that a claim is preempted does not end our analysis, since preemption is raised as a defense and ordinarily federal question jurisdiction is determined by the well-pleaded complaint rule, which looks to the complaint in determining subject matter jurisdiction. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 62-64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). However, in *Taylor,* the Supreme Court held that the "complete preemption" doctrine applies to certain ERISA cases. Under this doctrine, "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character," and the case may be removed even if no federal claim is asserted in the complaint and federal preemption, raised as a defense, is the only issue of federal law implicated in the case. *Id.,* 481 U.S. at 62-64, 66-67, 107 S.Ct. at 1546,

---

> participant may become entitled under the plan [or] this subchapter.... It shall be unlawful for any person to discharge, fine, suspend, expel, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter.... The provisions of section 1132 of this title shall be applicable in the enforcement of this section.

29 U.S.C. § 1140.

[3]The Sixth Circuit reached a similar conclusion in *Authier v. Ginsberg,* 757 F.2d 796 (6th Cir.), *cert. denied,* 474 U.S. 888, 106 S.Ct. 208, 88 L.Ed.2d 177 (1985). There, the plaintiff brought a state law wrongful discharge action, alleging that he was terminated for fulfilling his obligations under ERISA by writing a letter to plan participants. The court found the claim preempted, concluding that "allowing the remedies available to an ERISA fiduciary discharged for complying with ERISA to turn upon the state of his employment and a state court's interpretation of ERISA's provisions runs contrary to Congress' desire to establish a uniform federal law regulating pension plans." *Id.* at 802.

[4]*Corcoran v. United Healthcare, Inc.,* 965 F.2d 1321, 1333 (5th Cir.) ("The acknowledged absence of a remedy under ERISA's civil enforcement scheme ... does not alter our conclusion.... [T]he lack of an ERISA remedy does not affect a pre-emption analysis."), *cert. denied,* --- U.S. ----, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992); *Hansen v. Continental Ins. Co.,* 940 F.2d 971, 979 (5th Cir.1991) ("This Court has held that ERISA's preemption provision bars state law causes of action even though such preemption may leave a victim ... without a remedy.").

1548.  The Court held that causes of action within the scope of the civil enforcement provisions of ERISA § 502(a) are subject to the complete preemption doctrine and removable to federal court.  *Id.,* 481 U.S. at 66-67, 107 S.Ct. at 1548.

In *Taylor,* the plaintiff was injured in a car accident.  His employer had a disability plan covered by ERISA.  When a dispute arose regarding plaintiff's benefits under the plan, he brought a state court suit seeking recovery of his disability benefits, as well as asserting claims for mental anguish, wrongful termination and wrongful failure to promote him.  The Court held that, as a suit by a beneficiary to recover benefits from a covered plan, the suit fell directly under the civil enforcement provisions of ERISA and was therefore preempted.  *Id.,* 481 U.S. at 62-64, 107 S.Ct. at 1546.  It further held that the common law tort and contract claims all "related to" an ERISA benefit plan and were hence preempted under ERISA § 514(a), 29 U.S.C. § 1144(a).  *Id.*

Applying the reasoning of *Taylor* to our case, we hold that Anderson's claim of demotion and termination for failing to commit acts in violation of ERISA and reporting such violations falls within the scope of the civil enforcement provision of ERISA, and hence created removal jurisdiction.[5] Section 502(a) creates a cause of action for any participant, beneficiary, or fiduciary seeking to enjoin any act which violates any provision of ERISA, or seeking recovery to the plan for any losses resulting from a fiduciary's breach of his responsibilities, obligations, or duties imposed by ERISA. 29 U.S.C. §§ 1109, 1132(a)(2)-(3).[6]  ERISA § 510 broadly prohibits the termination or other adverse treatment of participants and beneficiaries for exercising their ERISA rights or for the purpose of interfering with the attainment of such rights, and prohibits the discharge or other adverse treatment of any person because he has given information or testimony relating to ERISA.  29 U.S.C. § 1140.

---

[5]The same conclusion was reached in the case relied upon by the district court, *McLean v. Carlson Companies, Inc.,* 777 F.Supp. 1480 (D.Minn.1991).  The *McLean* court found that a wrongful discharge action alleging that the employee had been discharged for reporting to her employer violations of federal law in connection with the administration of the employer's employee benefit plan was removable to federal court.  *Id.* at 1483.

[6]Section 502(a) is not confined to enforcing claims for benefits due under ERISA plans.  As the Supreme Court explained in *McClendon,* "there is no basis in § 502(a)'s language for limiting ERISA actions to only those which seek "pension benefits.'... Consequently, it is no answer to a pre-emption argument that a particular plaintiff is not seeking recovery of pension benefits."  498 U.S. at 145, 111 S.Ct. at 486.

Further, this section expressly provides that the § 502 civil enforcement provisions of ERISA "shall be applicable to the enforcement of this section."  *Id.*

One novel aspect of this case is that Anderson asserted that the ERISA violations he reported and refused to commit were only some of the illegal acts which led to his discharge.  He also alleged, for example, insider trading and other violations of laws and regulations enforced by the Securities and Exchange Commission.  However, the allegations of these other wrongful acts does not alter our analysis.[7]  To hold otherwise, we believe, would fail to recognize that the ERISA preemption provision is " "deliberately expansive' ... [and] is to be construed extremely broadly."  *Corcoran,* 965 F.2d at 1328 (citation omitted).  "The Supreme Court has consistently emphasized the expansiveness of the "relate to' standard and its purpose of establishing the regulation of pension plans as an exclusively federal concern."  *Christopher v. Mobil Oil Corp.,* 950 F.2d 1209, 1217 (5th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992).  Finally, we note that Anderson's deletion of references to ERISA by amending his complaint did not divest the district court of jurisdiction to decide the summary judgment motions.[8]

AFFIRMED.

---

[7]Of course, the general federal removal statute allows an entire case to be removed so long as federal question jurisdiction exists with respect to a "separate and independent claim or cause of action" asserted in the complaint.  28 U.S.C. § 1441(c).  In our case, however, it does not appear that any of Anderson's causes of action are premised entirely on the alleged ERISA violations described in his original petition.

[8]*Brown v. Southwestern Bell Tel. Co.,* 901 F.2d 1250, 1254 (5th Cir.1990) ("[W]hen there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished.");  *In re Carter,* 618 F.2d 1093, 1101 (5th Cir.1980) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed....  Indeed, it has often been stated that the plaintiff cannot rob the district court of subject matter jurisdiction by electing to amend away the grounds for federal jurisdiction."), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981).