**Susan KLEIN, Plaintiff,**

v.

**BANKNORTH GROUP, INC. and the Stratevest Group, Defendants.**

**No. 2:96–CV–361.**

United States District Court,
D. Vermont.

Sept. 2, 1997.

David Alan Gibson, Brattleboro, VT, for Plaintiff.

Patricia Mary Sabalis, Downs, Rachlin & Martin, P.C., Burlington, VT, for Defendants.

### OPINION AND ORDER

SESSIONS, District Judge.

Plaintiff Susan Klein seeks relief under Sections 502(a) and 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a) and 1140, alleging that her termination by Defendants was in retaliation for her exercise of rights guaranteed her by the Act. Specifically, Klein claims that she was fired for disclosing to her attorney and to Defendants documents regarding potential violations of ERISA by Defendants. Pending before the Court is Defendants' Motion to Dismiss or, in the Alternative, Motion to Stay.

### I. BACKGROUND

For the purposes of the present motion, the following facts, as alleged in the Complaint, are assumed to be true. Plaintiff Klein is a resident of Brattleboro, Vermont. Defendant Banknorth Group, Inc. ("Banknorth") is a banking corporation doing business in the State of Vermont. Defendant The Stratevest Group ("Stratevest") is a subsidiary of Banknorth, with its principal place of business in the State of Vermont.

In December of 1993 and January of 1994, Klein filed charges of employment discrimination based on gender bias and sexual harassment with the Office of the Attorney General of the State of Vermont and the Equal Employment Opportunity Commission of the United States, respectively. The State of Vermont has undertaken an investigation of Klein's claims, but her complaint is still pending.

In February of 1996, Klein filed suit against Banknorth in Windham Superior Court alleging sexual discrimination and gender bias, as well as other claims. In connection with that lawsuit, Klein copied documents in her possession while employed at Banknorth, and subsequently at Stratevest, which concerned potential violations of ERISA. She then furnished these copies to her attorney.

At a deposition of Klein in connection with the state court action, Defendants learned, apparently for the first time, that Klein had copied the documents and provided them to her attorney. On August 22 and August 23, 1996, Klein's employment was terminated by Defendants, and she was informed by the chief executive officer for Stratevest that her disclosure of certain of the documents to her attorney was in violation of Stratevest's "Code of Conduct," and was the reason for her dismissal.

The documents were disclosed only to Klein's attorneys and, with respect to some of the documents, to the Office of the Attorney General of the State of Vermont.

On November 8, 1996, Klein filed the present action, alleging that Defendants' termination of her employment was in violation of § 510 of ERISA. Defendants have moved for dismissal, and Klein opposes the motion.

### II. DISCUSSION

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is to consider the legal sufficiency of the claim as stated in the complaint, and is not to weigh facts underlying the claim or the merits of the case. *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985); 5A C. Wright and A. Miller, Federal Practice & Procedure § 1356 (1990). The Court may, however, consider papers and exhibits appended to the complaint, as well as matters of which judicial notice may be taken. *Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085, 1092 (2d Cir.1995). The complaint must be read with "great generosity," *Yoder v. Orthomolecular Nutrition Institute, Inc.,* 751 F.2d 555, 558 (2d Cir.1985) (citing *Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957)), and must not be dismissed "unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Goldman,* 754 F.2d at 1065 (quoting *Conley,* 355 U.S. at 47–48, 78 S.Ct. at 102–03). Taking Plaintiff's allegations as true, the Court must construe the

complaint in the light most favorable to the Plaintiff, and must draw all inferences in Plaintiff's favor. *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989); *Yoder,* 751 F.2d at 562.

■ Klein has brought the present action pursuant to §§ 502(a) and 510 of ERISA. Section 502(a) authorizes participants, beneficiaries, and fiduciaries to bring civil actions to enforce particular provisions of ERISA.[1] Section 510 prohibits the discharge of protected employees for exercising their protected rights under ERISA or for the purpose of interfering with ERISA rights. In addition, § 510 contains a provision protecting employees from discharge for providing information or testimony in an ERISA-related inquiry or proceeding. This section states in pertinent part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.... It shall be unlawful for any person to discharge, fine, suspend, expel, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding related to this chapter....

29 U.S.C. § 1140. It states further, "The provisions of section 1132 of this title shall be applicable in the enforcement of this section." *Id.* Klein concedes that she is neither a participant nor a beneficiary of the ERISA plan, and that the first provision of § 510, protecting the exercise of employee rights under ERISA, is inapplicable. However, she claims to be a fiduciary protected by §§ 502(a) and § 510 against retaliation.

As a preliminary matter, Defendants note that Klein's Complaint is defective because it

fails to allege that she was a fiduciary. However, the problem with Klein's Complaint runs much deeper than this. Even assuming that § 502(a) restricts who may sue under § 510—an issue the Court need not decide at this time—and that Klein could amend her Complaint to allege that she was a fiduciary, the Complaint must still be dismissed because the context in which Klein produced the documents in question did not constitute an "inquiry or proceeding related to" ERISA, as required by § 510.

The latter part of § 510 is a whistleblower provision. *Anderson v. Electronic Data Sys. Corp.,* 11 F.3d 1311, 1314–15 (5th Cir.), *cert. denied,* 513 U.S. 808, 115 S.Ct. 55, 130 L.Ed.2d 14 (1994); *Hashimoto v. Bank of Hawaii,* 999 F.2d 408, 411 (9th Cir.1993). It is designed to encourage individuals with knowledge of potential ERISA violations to share information in order that such violations may be redressed. To this end, § 510 prohibits employers from retaliating against those who provide information or testimony in "any inquiry or proceeding related to [ERISA]." At issue in the present case is whether the Complaint alleges adequately that Klein's disclosure of the documents was in an ERISA-related inquiry or proceeding. The Court concludes that it does not.

It is clear that § 510 would shield Klein from retaliation if she had disclosed the documents in question in the course of a formal inquiry or proceeding relating to ERISA violations. For example, she would be protected if she provided information to the Secretary of Labor in the course of an investigation pursuant to 29 U.S.C. § 1134, or if she testified in a criminal prosecution brought under § 1131 or in a civil suit authorized by § 1132. But this is not the full extent of § 510's protections. The Ninth Circuit, for example, has interpreted § 510 as protecting a fiduciary who complains to her superiors about ERISA violations. *Hashimoto,* 999 F.2d at 411. As the court stated:

---

1. Section 502(a) provides in relevant part:
   A civil action may be brought—
     (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other

> appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;
> 29 U.S.C. § 1132(a).

The normal first step in giving information or testifying in any way that might tempt an employer to discharge one would be to present the problem first to the responsible managers of the ERISA plan. If one is then discharged for raising the problem, the process of giving information or testifying is interrupted at its start: the anticipatory discharge discourages the whistle blower before the whistle is blown.

*Id.; accord McLean v. Carlson Cos., Inc.,* 777 F.Supp. 1480, 1484 (D.Minn.1991).

In the present case, Klein gave copies of documents to her attorney in the course of a gender and sex discrimination suit, and disclosed this fact to Defendants in the course of discovery in that case. It is entirely conceivable that an employee might seek legal advice regarding potential ERISA violations before prosecuting a case against her employer or providing relevant information to the appropriate authorities. Indeed, such consultation may be viewed as an alternative "first step" to complaining to one's employer, one that is especially understandable if the employee fears retaliation, and one which would be protected under § 510. However, Klein has not alleged that her furnishing of the documents in question to her attorney was in anticipation of any ERISA-related inquiry or proceeding.

Even a generous reading of the Complaint does not permit the inference that Klein's disclosure of the documents was made in an inquiry or proceeding related to ERISA. The Complaint alleges that the state court action involved claims of "sexual discrimination and gender bias ... coupled with other claims against Banknorth." These "other claims" did not include a cause of action based on ERISA violations.[2] The Complaint in the present case does make the following allegations:

7. Among the matters alleged by the plaintiff in the state court action were certain acts of questionable validity taken by Banknorth Group, Inc. that were required to be performed by the plaintiff.

8. In connection with those acts of questionable validity, involving probable violations of [ERISA], plaintiff made photocopies of documents ... [at Banknorth and Stratevest], and furnished copies of said documents to her attorney. ....

Complaint ¶¶ 7–8 (Paper No. 1). While these paragraphs allege that potential violations of ERISA were included in the state court action, mere mention of such violations in the state court complaint does not amount to, nor does it permit an inference of, an allegation that the documents were produced in or in anticipation of an ERISA-related inquiry or proceeding. Without such an allegation, whether explicit or inferred, the Complaint fails to state a claim for which relief may be granted.

## III. CONCLUSION

Based on the foregoing analysis, Defendants' Motion to Dismiss (Paper No. 2) is hereby GRANTED.

---

**2.** The state court complaint was filed with this Court in a separate case, *Klein v. Banknorth Group, Inc.,* 1:96–CV–101, in which Banknorth sought to remove the state court action. This Court held that removal was improper. The Court now takes judicial notice of the state court complaint and concludes that the complaint does not allege a cause of action based on ERISA violations. However, Count III of the state court complaint, which alleges a claim for intentional infliction of emotional distress, does make reference to alleged improprieties involving Banknorth's administration of certain employee benefits programs.