John G. Werner, Reaud, Morgan & Quinn, Beaumont, TX, for Plaintiff.

Kerry L. McGill, Martin & Associates, Austin, TX, for Defendant.

**Delia DEMPSEY, Plaintiff,**

v.

**BEAUMONT HOSPITAL, INC., d/b/a Columbia Beaumont Medical Center, Defendant.**

No. 1:97–CV–0532.

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 31, 1997.

### MEMORANDUM OPINION

COBB, District Judge.

Plaintiff, Delia Dempsey, has filed a motion to remand this action to the state district court. Plaintiff filed in Texas state court an action against Beaumont Hospital for negligent failure to maintain a safe workplace. She later amended and added a claim for wrongful discharge in retaliation for having filed her initial suit. Defendant then removed the case to this court. Plaintiff now seeks to have the case remanded to state court. For the reasons stated below, this court finds that plaintiff is not entitled to remand, and her motion to remand is DENIED.

### FACTUAL BACKGROUND

Delia Dempsey was employed by the Silsbee Doctors Hospital as a nurse's assistant. The hospital, owned by defendant, did not carry Texas Workers' Compensation insurance, but offered an ERISA plan in lieu thereof. Plaintiff chose to participate in the Employee Health and Safety Program Benefit Plan, and signed an Election to Participate form.

On or about June 21, 1991, while in the course and scope of her employment, Dempsey allegedly was required to lift and transport patients without proper assistance, equipment, guidance, or instructions. As a

result of the lifting, Dempsey injured "her arm, face, and body generally." She filed a personal injury suit against Beaumont Hospital for negligent failure to provide a safe workplace in the 136th Judicial District of Texas. Dempsey alleges she was threatened by Beaumont Hospital that if she pursued a legal claim against it for the injuries, she would be terminated. She was later terminated, and as a result of her termination, Dempsey amended her complaint to include the wrongful discharge claim.

Beaumont Hospital then removed the case from state court to this court. The hospital contended that the wrongful discharge claim related to the ERISA plan, and therefore, this court has federal question jurisdiction to analyze the issues related to the plan, and that her state claim is preempted. Dempsey has now filed her motion to remand. Dempsey contends the case was improperly removed because retaliatory discharge claims arise under the state workers' compensation laws, and are not removable to federal court.

### ANALYSIS

In determining whether a state claim is preempted by ERISA law, the court must decide whether the state law claim "relates to" the ERISA plan. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983); *Hook v. Morrison Milling Co.,* 38 F.3d 776 (5th Cir. 1994). If the claim relates to the ERISA plan, the state action is preempted by federal law. Furthermore, in *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), a case arising from a claim under the Texas state wrongful discharge law, the Supreme Court held:

> [T]he existence of a pension plan is a critical factor in establishing liability under the State's wrongful discharge law. As a result, this cause of action relates not merely to pension benefits, but to the essence of the pension *plan* itself.

*Id.* At 139–40 (emphasis in original).

Both parties have filed briefs which refer to *Hook v. Morrison Milling* as controlling. In *Hook v. Morrison Milling Co.,* 38 F.3d 776 (5th Cir.1994), the plaintiff alleged the same two causes of action Dempsey alleges

here. After removal, the cause of action alleged by the plaintiff for negligence was severed from the cause of action claiming retaliatory discharge asserted by the plaintiff Hook, and Hook abandoned her retaliation claim.

Here, Dempsey sued Beaumont Hospital in state court for negligence causing her injuries because the defendant had no workers' compensation insurance. She later added her retaliation claim by amended petition, whereupon the defendant removed the entire case. In *Hook,* plaintiff sued for retaliation, then amended to sue for negligence causing her injuries, her employer not having workers' compensation coverage; and she withdrew and abandoned her retaliation claim. The Court of Appeals for the Fifth Circuit stated:

> To begin with, this case was properly removed pursuant to 28 U.S.C. § 1446. Hook's *original* petition, alleged, *inter alia,* that she was wrongfully discharged in retaliation for filing a workers' compensation claim. MMC removed the suit to federal district court, whereupon Hook filed her first motion to remand. The district court treated Hook's allegation as a claim that she was fired in retaliation for filing a claim under MMC's ERISA plan. Accordingly, the court concluded that her wrongful discharge claim was preempted because the Supreme Court has established that ERISA preempts a Texas wrongful discharge claim to the extent that that claim is dependent upon the existence of an ERISA plan. *See Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 137–41, 111 S.Ct. 478, 482–84, 112 L.Ed.2d 474 (1990) (ERISA expressly preempts a Texas wrongful discharge claim that is premised on the existence of an ERISA plan); *see also Anderson v. Electronic Data Sys. Corp.,* 11 F.3d 1311, 1313–14 (5th Cir.1994) (same). Because allegations of retaliation for filing a claim under an ERISA plan necessarily assert a claim that is dependent upon the existence of such a plan, MMC's removal of Hook's claims was unquestionably proper.

(Emphasis in original)

Thus when Dempsey amended her state court suit and claimed retaliatory discharge (and still does), the suit became removable.

Like the cause of action in *Ingersoll–Rand,* the present cause of action arises from a claim under the Texas wrongful discharge law wherein the employer did not participate in the state's workers' compensation system, but offered and ERISA plan instead. Because the existence of an ERISA plan is a critical factor in establishing liability in this cause of action, this court finds that Dempsey's wrongful discharge claim "relates to" ERISA and is thereby preempted. The motion for remand must be denied.

It is ORDERED, ADJUDGED, and DECREED, therefore, that plaintiff's motion for remand be DENIED.