92 F.3d 1185
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Almeda Zolia GREEN and Edmond Allan Green, Plaintiffs-Appellants,
v.
Dr. Eugene I. SACKS, Defendant-Appellee.
 No. 95-5634.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1996.
 
 Before: GUY, RYAN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Almeda Green, appeals the grant of summary judgment for defendant, Dr. Eugene Sacks, in this medical malpractice action.[1] Pursuant to Rule 9(a), Rules of the United States Court of Appeals for the Sixth Circuit, the panel assigned to hear this case has unanimously concluded that oral argument is not needed. Fed.R.App.P. 34(a). We vacate the judgment and dismiss for lack of subject matter jurisdiction.
 
 I.
 
 2
 Plaintiff sued Sacks in Tennessee state court for medical malpractice based on alleged improper implantation of an anti-reflux esophageal ring known as the Angelchik Prostethic Device. Plaintiff also sued the manufacturer of the device, Mentor Corporation, under a products liability theory. Defendants filed a joint notice of removal, which stated as follows:
 
 
 3
 The plaintiffs' claims against the defendant, Mentor Corporation, are completely preempted by federal law, as set forth in the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301-394 (1993). Complete preemption renders the plaintiffs' action removable to this Court. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987); Stamps v. Collagen Corp., 984 F.2d 1416 (5th Cir.1993); King v. Collagen Corp., 983 F.2d 1130 (1st Cir.1993).
 
 
 4
 (Notice of Removal filed July 6, 1993, p. 2.) Sacks, in the answer he filed in district court, also cited the Federal Food, Drug, and Cosmetic Act's preemption provision, 21 U.S.C. § 360k(a), as a federal defense.[2] The defense read as follows:
 
 NINTH DEFENSE
 
 5
 Plaintiff's state law claims against this defendant are barred and pre-empted by 21 U.S.C. § 360k(a) of the Federal Food, Drug and Cosmetic Act.
 
 
 6
 (App. at 22.) Shortly after removal, plaintiff voluntarily dismissed all claims against defendants except the medical malpractice claim against Sacks.
 
 
 7
 The case proceeded to discovery and Sacks filed a motion for summary judgment. He did not rely on a federal preemption defense, however. Rather he asserted the defense that plaintiff's claims were barred under Tennessee's statute of repose for medical malpractice claims. Tenn.Code Ann. § 29-26-116 (1980). In opposing the motion, plaintiff contended that the statute was tolled under two different theories. First, plaintiff claimed that the statute's exception for fraudulent concealment applied. Id. at § 29-26-116(a)(3). Second, plaintiff claimed that Tennessee's continuing tort theory also served to toll the statute. The district court rejected these arguments. The court concluded that plaintiff's claims were time-barred and granted Sacks' motion.
 
 II.
 
 8
 On appeal, plaintiff asks this court to reverse the district court's judgment. We do not address the propriety of the merits of the court's decision, however, as we conclude that this action was improperly removed, and, therefore, subject matter jurisdiction is lacking.
 
 
 9
 This court is obligated to notice defects in subject matter jurisdiction. The Supreme Court has explained as follows:
 
 
 10
 Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. For that reason, every federal appellate court has a special obligation to "satisfy itself not only of its own jurisdiction, but also that of the lower court's in a cause under review," even though the parties are prepared to concede it. "And if the record discloses that the lower court was without jurisdiction this court will notice the defect, although the parties make no contention concerning it. [When the lower federal court] lack[s] jurisdiction, we have jurisdiction on appeal, not of the merits, but merely for the purpose of correcting the error of the lower court in entertaining the suit."
 
 
 11
 Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) (citations omitted).
 
 
 12
 In an action removed to federal court, subject matter jurisdiction only exists when the district court would have had "original jurisdiction" had the action been brought directly in federal court. 28 U.S.C. § 1441(a); id. at 1447(c) (district court shall remand actions over which subject matter jurisdiction is lacking). District courts have original jurisdiction in cases "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or what are commonly referred to as "federal question" cases.[3] A case arises under federal law when "plaintiff's well-pleaded complaint raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). As a rule, asserting a federal defense is not a basis for removal. Id. ("[f]ederal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court").
 
 
 13
 The Supreme Court has further recognized as a corollary of what is known as the well-pleaded complaint rule that even when the complaint on its face does not raise a federal question Congress may nevertheless so completely preempt a particular area of law that "any civil complaint raising this select group of claims is necessarily federal in character." Id. at 63-64. To date, however, the Supreme Court has applied this doctrine, known as the complete preemption doctrine, to only two federal statutes: § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, see Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists, 390 U.S. 557 (1968), and § 502(a)(1)(B) of the Employee Retirement Income and Security Act, 29 U.S.C. § 1132(a)(1)(B), see Metropolitan Life, 481 U.S. at 58.
 
 
 14
 In this case preemption under the Food and Drug Act was cited as a basis for rendering plaintiff's complaint "necessarily federal in character" and thus removable under 28 U.S.C. § 1441. This circuit recently held in Strong v. Telectronics Pacing Systems, Inc., 78 F.3d 256 (6th Cir.1996), however, that the complete preemption doctrine does not apply to claims involving the Food and Drug Act's preemption provision. See id. at 260-61 (" § 360k(a) preemption cannot convert a state cause of action into a federal question under the well-pleaded complaint rule"). Therefore removal on that basis was improper for lack of original jurisdiction.[4]
 
 
 15
 The decision of the district court is VACATED and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 Edmond Green, Almeda Green's husband, brought a claim for loss of consortium and services of his wife and joins her in the appeal. For purposes of this opinion we refer to plaintiffs collectively as plaintiff
 
 
 [2]
 Section 360k(a) precludes states from establishing requirements relating to medical devices other than those required under the Act. 21 U.S.C. § 360k(a)
 
 
 [3]
 The other basis for jurisdiction, diversity jurisdiction under 28 U.S.C. § 1332, is not alleged in this case
 
 
 [4]
 Although plaintiff voluntarily dismissed the products liability claim against the manufacturer and Sacks did not rely on a preemption defense in moving for summary judgment, we note that the Supreme Court in Medtronic, Inc. v. Lohr, 64 U.S.L.W. 4625 (June 26, 1996), recently held that the Act's preemption provision, 21 U.S.C. § 360k, did not preempt plaintiff's common law claims of negligent design and negligent manufacturing against the manufacturer of an allegedly defective pacemaker