claim is not completely preempted by ERISA because it is not a § 1132(a)(1)(B) claim for benefits or rights under an ERISA plan.

We decline to reach the other issues raised in this case because we find that the district court had no basis to exercise jurisdiction over the claim. Accordingly, the judgment of the district court is **REVERSED** and the case **REMANDED** to the district court with instructions to remand to the Wayne County Circuit Court.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0292P (6th Cir.)
File Name: 01a0292p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

BARBARA WRIGHT,
          *Plaintiff-Appellant,*

          *v.*                                   No. 00-1168

GENERAL MOTORS
CORPORATION; GERALD A.
KNECHTEL; RICHARD T.
SOUTHBY,
          *Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-73570—Robert H. Cleland, District Judge.

Argued: June 12, 2001

Decided and Filed: August 28, 2001

Before: RYAN and COLE, Circuit Judges; MARBLEY, District Judge.[*]

_____

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

———————————

**COUNSEL**

———————————

**ARGUED:** Mark Granzotto, GRANZOTTO & NICITA, Detroit, Michigan, for Appellant. Charles C. DeWitt, Jr., DeWITT, BALKE & VINCENT, Detroit, Michigan, for Appellees. **ON BRIEF:** Mark Granzotto, GRANZOTTO & NICITA, Detroit, Michigan, for Appellant. Charles C. DeWitt, Jr., Cathleen C. Jansen, DeWITT, BALKE & VINCENT, Detroit, Michigan, for Appellees.

———————————

**OPINION**

———————————

RYAN, Circuit Judge. Barbara Wright brought an action in Wayne County Circuit Court in Michigan against the defendants, alleging race and sex discrimination under Michigan's Elliott-Larsen Civil Rights Act, Mich. Comp. Laws §§ 37.2101-.2804 (2001). The defendants removed the action to the federal district court according to 28 U.S.C. § 1441 (2000) on the theory that the case involved issues of federal law, specifically the Employee Retirement Income Security Act (ERISA). After removal, the defendants argued, and the district court agreed, that ERISA completely preempted the plaintiff's cause of action. The court then exercised supplemental jurisdiction over the state law claims, and after applying Michigan's choice of law rules, dismissed them.

There are multiple issues presented, but the one we find dispositive is whether the district court erred in holding that ERISA completely preempted the plaintiff's state law claims. We conclude that the court did err, and therefore, we reverse.

We must decide, then, whether Wright's claim to these insurance policy proceeds amounts to a claim "to recover benefits due to h[er] under the terms of h[er] plan, to enforce h[er] rights under the terms of the plan, or to clarify h[er] rights to future benefits under the terms of the plan." § 1132(a)(1)(B). We conclude that it does not.

As this court stated in *Crabbs v. Copperweld Tubing Products Company*, 114 F.3d 85 (6th Cir. 1997), "[e]ven if an action refers to a plan, . . . the action will not relate to the plan for preemption purposes when the action only peripherally affects the plan." *Id*. at 90 (internal quotation marks and citation omitted). We believe that Wright's reference to the life insurance "conversion authorization" of the GM Salaried Life and Disability Benefit Program and Salaried Health Care Program, properly construed, is simply a reference to specific, ascertainable damages she claims to have suffered as a proximate result of her discriminatory termination. Hers is not a lawsuit claiming wrongful withholding of ERISA covered plan benefits; it is a lawsuit claiming race and sex discrimination and retaliation resulting in damages, one component of which is a sum owed under the provision of the GM plan.

Certainly, when the complaint is viewed as a whole, Wright is not alleging a "§ 1132(a)(1)(B) type" action to enforce the ERISA plan. Thus, since it is not completely preempted, it is not subject to removal to the federal courts.

As we found in *Warner*, "[s]tate causes of action not covered by § 1132(a)(1)(B) may still be subject to a preemption claim under § 1144(a) . . . because the state law at issue may 'relate to' a pension or employee benefit plan. But such actions are not subject to removal." *Warner*, 46 F.3d at 535. It may be that this claim is subject to a preemption claim under § 1144(a). However, we decline to reach that issue because "state courts are competent to decide whether ERISA has preempted [the] state law claims." *NGS Am., Inc. v. Jefferson*, 218 F.3d 519, 530 (6th Cir. 2000). Instead, we base our decision on the finding that Wright's

create a federal cause of action for matters which only "relate to" ERISA's field of concern. Thus, § 1144 preemption does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule. As a consequence, no removal jurisdiction exists under § 1144.

*Warner*, 46 F.3d at 534.

Rather, a state law claim is removable to the federal courts only if it is "complete[ly] preempt[ed]." *Id.* at 535.

Therefore, in order to come within the exception [to the well-pleaded complaint rule] a court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," as provided in § 1132(a)(1)(B).

*Id.* at 534 (quoting 29 U.S.C. § 1132(a)(1)(B)).

Wright insists that her 40-page complaint, while prolix, does not seek "to recover benefits due to h[er] under the terms of h[er] plan, to enforce h[er] rights under the terms of the plan, or to clarify h[er] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). She claims that her termination from GM was an act of race and sex discrimination and retaliation, for which she is entitled to damages under Michigan law. She argues that these damages include, *inter alia*, the proceeds of a life insurance policy on her late husband's life—proceeds to which she is entitled under GM's Salaried Life and Disability Benefit Program and Salaried Health Care Program.

Specifically, in paragraph 27 of her complaint, Wright alleges: "Defendant General Motors has also refused to issue conversion authorization of life insurance to plaintiff, resulting in the loss of $75,000 to plaintiff and her family."

## I.

Wright was an employee of defendant General Motors (GM) from 1973 until October 22, 1998, when her employment with GM was terminated. Wright worked as a personnel clerk in Wayne County, Michigan, during her first three years working for GM. However, the following 23 years she spent in several human resource management positions at GM's Assembly Plant in Doraville, Georgia. During the years following 1976, she lived and worked at all times in Georgia.

In 1998, Wright's employment was terminated. GM claimed that Wright was terminated for wrongfully using company time and property for her own personal purposes, which amounted to theft and breach of contract.

Wright brought this action in Wayne County Circuit Court under Michigan's Elliott-Larsen Civil Rights Act. She claimed she was treated disparately on account of her African-American race and her sex. Wright also claimed that she was retaliated against for complaining about the alleged wrongful treatment.

General Motors is headquartered in Detroit, Michigan. The two men who are also named as defendants, Gerald Knechtel and Richard Southby, are employees of GM and are employed at the GM headquarters. When the complaint was filed, Knechtel was Vice President of Personnel and Southby was Group Director for Human Resource Management. Knechtel and Southby were named as defendants in their capacity as employees of GM.

The defendants removed the case to the federal district court and also filed a motion to dismiss, or in the alternative, for a motion to change venue to Georgia.

The district court determined first that removal to the federal court was proper because Wright was essentially attempting to enforce the terms of an employee benefit plan that was governed by ERISA. She sought damages for loss of

benefits, past and future. The district court found that these claims were governed by ERISA, and because federal law preempts state law, the claims were removable. The district court then exercised supplemental jurisdiction over Wright's state law claims. It dismissed Wright's complaint. It found that under Michigan's choice of law rules, Georgia law controlled Wright's claims. Wright was a Georgia citizen and all the actions in this case occurred in Georgia. Therefore, according to the district court, Georgia had a stronger interest than Michigan in the litigation. Since Wright did not allege any claims under Georgia law, but only under Michigan law, the district court dismissed the complaint.

In a subsequent motion to amend her complaint, Wright attempted to add causes of action under federal law and the law of the state of Georgia. The district court denied this motion because it had already dismissed her complaint with prejudice, and thus, there was no complaint before the court.

## II.

"We review *de novo* the existence of subject matter jurisdiction as a question of law; factual determinations regarding jurisdictional issues are reviewed for clear error." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)), *cert. denied*, 121 S. Ct. 1428 (2001).

## III.

The significance of the preemption issue is, of course, that if the plaintiff's claims were not preempted by ERISA, there was no federal question presented and the removal to the federal court was improper.

A cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues that involve federal law. *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936). However, an exception exists to this rule. Where Congress so completely preempts a particular area of law, the

lawsuit arising under state law becomes federal in character. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).

The Supreme Court has held that state common law claims for benefits under an employee benefit plan regulated by ERISA are preempted as long as the lawsuit relates to an employee benefit plan. *See generally Metro. Life*. However, only if the claim is "complete[ly] preempt[ed]" by ERISA, that is, when the action is to recover benefits, enforce rights or clarify future benefits under an ERISA plan, is the action subject to removal to the federal courts. *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995).

In making a determination whether the plaintiff's lawsuit was properly removed, we must decide whether, in her complaint, Wright seeks to enforce an ERISA agreement, or asserts rights to future benefits under the plan.

"Removal and preemption are two distinct concepts." *Id.* at 535. In addition, preemption and complete preemption are distinguishable concepts.

Simply because a claim is preempted by ERISA does not mean it is automatically removable. According to *Metropolitan Life*, "ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law." *Metro. Life*, 481 U.S. at 64. A state claim may be preempted by ERISA; however, it is not removable unless it is completely preempted by ERISA.

There are two sections of ERISA at issue in this case: ERISA's preemption provision, 29 U.S.C. § 1144; and ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B).

As this court stated in *Warner*, ERISA's § 1144 preemption provision does not assure that claims preempted by ERISA are necessarily removable:

[Section 1144] allows ERISA to preempt state laws when they "relate to" matters governed by ERISA but does not