**Patrick F. McSHARRY, Plaintiff,**

v.

**UNUMPROVIDENT CORPORATION, Defendant.**

**No. 1:02–CV–208.**

United States District Court,
E.D. Tennessee,
At Chattanooga.

Dec. 4, 2002.

Harry F. Burnette and Anita B. Hardeman, Chattanooga, TN, for Plaintiff.

Susan Kerr Lee, Chattanooga, TN, Patrick W. Shea, Stamford, CT, for Defendant.

### MEMORANDUM AND ORDER

EDGAR, Chief Judge.

Plaintiff Patrick McSharry ("McSharry"), a former employee of defendant UnumProvident Corporation, filed this action in the Circuit Court of Hamilton County, Tennessee. He asserts two similar causes of action under Tennessee law. McSharry claims retaliatory discharge under the Tennessee Public Protection Act, TENN. CODE ANN. § 50–1–304, commonly known as the Tennessee "whistleblower" statute. McSharry also makes a claim under Tennessee common law that he was wrongfully discharged from employment in retaliation for his supporting a public policy of the State of Tennessee. These claims by McSharry are predicated on the contention that he was subjected to retaliation and wrongful discharge from employment because he refused to participate in and remain silent about alleged violations of fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. McSharry demands back wages, reinstatement to his former position of employment, front pay or future damages in lieu of reinstatement, punitive damages, costs, attorney's fees, and an injunction prohibiting the defendant engaging in any further harassment and retaliation against him.

Defendant removed the case to federal district court pursuant to 28 U.S.C. § 1441. Defendant invokes this Court's subject matter jurisdiction under 28 U.S.C. § 1331 on the basis that McSharry's claims are completely preempted by ERISA.

The matter presently before the Court is a motion by McSharry pursuant to 28 U.S.C. § 1447(c) to remand the case to state court. [Court File No. 15]. The question to be resolved is whether McSharry's claims are completely preempted by ERISA and removable to federal court. After reviewing the record, the Court concludes the motion to remand is not well taken and it is **DENIED**. McSharry's claims are completely preempted by ERISA, and this civil action has been properly removed pursuant to 28 U.S.C. §§ 1331 and 1441(b).

### I. McSharry's Complaint

For the purpose of ruling on the motion to remand, the Court considers the factual allegations in McSharry's complaint to be true. McSharry makes the following allegations.

Defendant UnumProvident is a corporation in the business of providing employment disability insurance to groups and individuals. It processes employment disability insurance claims made by its own insureds as well as serving as an ERISA plan administrator for other companies. In administering employment benefit plans, the defendant is responsible for making determinations whether claimants are disabled within the definitions and scope of insurance policies. A key part of these determinations is assessment of the claimants' medical conditions.

McSharry was one of several medical advisors employed by the defendant for the purpose of enabling it to make medical judgments regarding the disability status of claimants McSharry worked for the defendant in the positions of medical consultant, Associate Medical Director, and Medical Director. It is alleged that the defendant's standard practice and policy was to deny disability claims. According to McSharry, the medical advisors were improperly used by the defendant to provide medical language and conclusions supporting the denial of valid disability insurance claims. The complaint avers that it was the defendant's practice to use non-medical personnel called "claims specialists" and "appeals specialists," together with nurses, to make decisions regarding medical referrals rather than to allow licensed physicians to make such medical decisions.

McSharry states the defendant's physicians were supposed to handle a substantial number of files or claims each day which precluded meaningful analysis. Defendant encouraged medical advisors to use language in their reports that could support the denial of disability insurance claims. If the reports were unsatisfactory to this end, the physicians were asked by the defendant to delete or revise language in the reports so as not to compromise denial of claims. Defendant did not allow its physicians to request further information or suggest additional medical tests. The physicians' reviews were supposed to be based on the existing record. Moreover, the defendant's physicians were not supposed to help a claimant perfect a claim for disability insurance benefits.

McSharry avers it was the defendant's practice and policy to evaluate every medical condition of a claimant in isolation and render a disability decision on the effects of each isolated condition rather than to consider the restrictions of each condition in combination or conjunction with the other medical conditions. Defendant expected the medical advisors to render opinions on medical conditions outside of his or her specialty and not to refer the files to specialists in the field. Defendant also required the non-specialist to support his or her training in a particular medical specialty even where it required falsification of qualifications or expertise. Although an appeal of a denial of benefits is supposed to be reviewed independently and *de novo* by the defendant, it is averred that the defendant's usual practice is to rely on the original evaluation and not make an independent, *de novo* review of appeals.

During the early months of his employment, McSharry says he tried to work out his ethical dilemma with the defendant's practices by walking a careful line. McSharry sought to follow the defendant's practices while still rendering truthful medical reports. There came a point, however, when McSharry realized that he could not comply with the defendant's practices and maintain his own integrity or contribute to the defendant corporation's integrity. McSharry let his supervisors know that he would no longer participate in or be part of what he considered unethical and illegal practices in violation of ERISA.

McSharry contends the defendant's practices violated ERISA in the following ways: (1) defendant refused, and refused to allow its agents, to act in a fiduciary capacity toward its participants in violation of 29 U.S.C. § 1105 and corresponding federal regulations; (2) defendant refused, and refused to allow its agents, to inform claimants of information that the claimants could supply to perfect their records in violation of 29 U.S.C. § 1104 and corresponding federal regulations; (3) defendant made what should have been fiduciary decisions on behalf of claimants on the

basis of its own business needs in violation of 29 U.S.C. § 1103 and corresponding federal regulations; (4) defendant refused, and refused to allow its agents, to make independent and *de novo* evaluations of records on appeal in violation of 29 U.S.C. § 1104 and corresponding federal regulations; and (5) defendant refused, and refused to allow its agents, to consult with appropriate health care professionals in deciding appealed claims involving medical judgments, but rather deferred to non-medical judgments, in violation of 29 U.S.C. § 1104 and corresponding federal regulations.

The complaint alleges that when McSharry began writing his reports accurately and without improper conclusions to deny claims, including in his reports and discussions with treating physicians what was necessary to perfect a claim or ERISA administrative appeal, he suffered retaliation from the defendant. McSharry contends he endured oral and written warnings, and disciplinary write-ups. He was subjected to constant criticism and ostracism. His work was routed around him. McSharry contends he refused to yield to the defendant's coercive tactics and he refused to remain silent about the defendant's illegal practices when talking with other medical personnel. In January 2002, the defendant terminated McSharry's employment as Medical Director purportedly for "disruptive behavior."

## II. *Analysis*

The Tennessee whistleblower statute, TENN. CODE ANN. § 50–1–304(a) provides: "No employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities." The term "illegal activities" is defined in § 50–1–304(c) as meaning activities which are in violation of statutes of the United States of America.

An essential premise of McSharry's complaint is that Tennessee law provides a cause of action and remedy when the employee or agent of an ERISA fiduciary is discharged from employment in retaliation for refusing to participate in and/or remain silent about his employer's violation of its ERISA fiduciary obligations. Because the defendant does not argue otherwise, the Court assumes, without deciding, that McSharry's complaint is sufficient to at least state a claim upon which relief can be granted under Tennessee law. *Cf. Authier v. Ginsberg*, 757 F.2d 796, 798 (6th Cir. 1985) (concluding that Michigan law would recognize a discharged employee's compliance with ERISA fiduciary duties and obligations as an activity protected by public policy); *Fairneny v. Savogran Co.*, 422 Mass. 469, 664 N.E.2d 5, 7–8 (1996).

The parties disagree about whether McSharry's complaint is removable based on ERISA preemption. Ordinarily, a defendant may remove a case to federal district court only if it could have been brought in federal court in the first place; that is, if the federal district court would have original subject matter jurisdiction over the case. *Strong v. Telectronics Pacing Systems, Inc.*, 78 F.3d 256, 259 (6th Cir.1996); 28 U.S.C. § 1441(a). Defendant removed this case pursuant to 28 U.S.C. § 1441(b) which provides in part that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the ... laws of the United States shall be removable ...." Defendant argues removal is proper under § 1441(a) and (b) because McSharry's claims are completely preempted by ERISA and this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

On the other hand, McSharry contends removal is improper under 28 U.S.C. § 1441(b). He argues this Court does not

have original subject matter jurisdiction under 28 U.S.C. § 1331 because his complaint is not founded on a claim or right arising under the Constitution or laws of the United States.

The Court concludes that the Tennessee whistleblower claim and Tennessee common law claim of wrongful discharge in violation of public policy pleaded in McSharry's complaint are completely preempted by ERISA, 29 U.S.C. §§ 1132(a)(3), and 1140. The complaint is removable under 28 U.S.C. §§ 1331 and 1441(b). *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Anderson v. Electronic Data Systems Corp.,* 11 F.3d 1311 (5th Cir.1994); *Hashimoto v. Bank of Hawaii,* 999 F.2d 408 (9th Cir.1993); *Peterson v. Spaich Farms, Inc.,* 1999 WL 793942 (E.D.Cal. Sept. 29, 1999); *McLean v. Carlson Companies, Inc.,* 777 F.Supp. 1480 (D.Minn.1991).

### A.  *Well–Pleaded Complaint Rule*

The well-pleaded complaint rule is the basic principle marking the boundaries of federal question jurisdiction under 28 U.S.C. § 1331. Original jurisdiction under 28 U.S.C. § 1331 exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392–94, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Metropolitan Life,* 481 U.S. at 63, 107 S.Ct. 1542; *Wright v. General Motors Corp.,* 262 F.3d 610, 613 (6th Cir.2001).

The well-pleaded complaint rule makes the plaintiff the master of his own complaint. Generally, a plaintiff has the right to avoid federal question jurisdiction and preclude removal under 28 U.S.C. §§ 1331 and 1441 by relying exclusively on state law in pleading his complaint. *Caterpillar, Inc.,* 482 U.S. at 398–99, 107 S.Ct. 2425; *Peters v. Lincoln Elec. Co.,* 285 F.3d 456, 467 n. 11 (6th Cir.2002); *Ahearn v. Char-*

*ter Township of Bloomfield,* 100 F.3d 451, 456 (6th Cir.1996); *Warner v. Ford Motor Co.,* 46 F.3d 531, 533 (6th Cir.1995); *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 943 (6th Cir.1994). Because federal preemption is a defense, it usually does not authorize removal to federal district court under the well-pleaded complaint rule. *Metropolitan Life,* 481 U.S. at 63, 107 S.Ct. 1542; *Peters,* 285 F.3d at 467–68 n. 11; *Green v. Sacks,* 92 F.3d 1185, 1996 WL 437927, *2 (6th Cir.1996); *Strong,* 78 F.3d at 259; *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 353–54 (3rd Cir.1995); *Warner,* 46 F.3d at 533–35. The well-pleaded complaint rule bars removal of a case to federal district court based solely upon a federal defense. *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir.1995).

### B.  *Complete ERISA Preemption Under 29 U.S.C. § 1132(a)*

There is a narrow exception to the well-pleaded complaint rule. Congress may so completely preempt a particular area of the law that any complaint raising such claims is necessarily federal in character and removable. *Metropolitan Life,* 481 U.S. at 63–64, 107 S.Ct. 1542; *Peters,* 285 F.3d at 467–68, and n. 11; *Wright,* 262 F.3d at 613; *Smith v. Provident Bank,* 170 F.3d 609, 613 (6th Cir.1999); *Green,* 92 F.3d 1185, 1996 WL 437927 at *2; *Strong,* 78 F.3d at 259; *Tolton,* 48 F.3d at 941; *Warner,* 46 F.3d at 533–34; *Anderson,* 11 F.3d at 1315. The complete preemption doctrine provides that when Congress intends the preemptive force of a federal statute to completely preempt an area of state law, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim and therefore arises under federal law." *Caterpillar, Inc.,* 482 U.S. at 393, 107 S.Ct. 2425; *see also Strong,* 78 F.3d at 259.

Congress enacted ERISA to replace a patchwork scheme of state laws regulating employee benefit plans with a uniform set of federal laws. *FMC Corp. v. Holliday,* 498 U.S. 52, 56–60, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990); *Tolton,* 48 F.3d at 941. The ERISA preemption statute, 29 U.S.C. § 1144(a), provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." The Supreme Court has observed that the broadly worded language in § 1144(a) is "clearly expansive." *Egelhoff v. Egelhoff,* 532 U.S. 141, 146, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001); *New York State Conference of Blue Cross and Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 655, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995); *see also, FMC Corp.,* 498 U.S. at 58, 111 S.Ct. 403 (ERISA preemption clause is conspicuous for its breadth); *Zuniga v. Blue Cross and Blue Shield of Michigan,* 52 F.3d 1395, 1401 (6th Cir. 1995); *Tolton,* 48 F.3d at 941–42.

■ Both McSharry's Tennessee statutory whistleblower claim and his Tennessee common law claim that he was wrongfully discharged in contravention of Tennessee public policy are preempted by ERISA, 29 U.S.C. § 1144(a). Because McSharry's claims depend upon the existence of ERISA plans and alleged violations of fiduciary duties imposed by ERISA, his claims "relate to" ERISA plans within the meaning of § 1144(a). ERISA creates a substantive element of McSharry's causes of action and his claims turn upon a fiduciary's duties under ERISA. *Anderson,* 11 F.3d at 1314 (state law wrongful discharge claim based on plaintiff employee's refusal to commit violations of ERISA and reporting ERISA violations to employer preempted under 11 U.S.C. § 1144(a)); *Authier,* 757 F.2d 796; *McLean,* 777 F.Supp. at 1483; *Andrews v. Alaska Operating Engineers–Employers Training Trust Fund,* 871

P.2d 1142 (Alaska 1994). In *Authier,* the Sixth Circuit determined that permitting an ERISA fiduciary to bring a state law cause of action for wrongful discharge in contravention of established public policy (i.e., ERISA) would thwart the purpose of Congress in enacting ERISA. *Id.* at 802.

Simply because a state law claim is preempted by ERISA under 29 U.S.C. § 1144(a) does not mean the preempted claim is automatically removable pursuant to 28 U.S.C. §§ 1331 and 1441. Removal and federal preemption are distinct concepts. Moreover, ordinary federal preemption and complete federal preemption are distinguishable concepts. *Wright,* 262 F.3d at 614–15; *Lazorko v. Pennsylvania Hosp.,* 237 F.3d 242, 248, 250–51 (3rd Cir. 2000); *In re U.S. Healthcare, Inc.,* 193 F.3d 151, 160 (3rd Cir.1999); *Copling v. Container Store, Inc.,* 174 F.3d 590, 594 (5th Cir.1999); *Dukes,* 57 F.3d at 355; *Warner,* 46 F.3d at 535. ERISA preemption under 29 U.S.C. § 1144(a), without more, does not convert a state law claim into one arising under federal law for purposes of removal and federal question jurisdiction under 28 U.S.C. § 1331. *Metropolitan Life,* 481 U.S. at 64, 107 S.Ct. 1542; *Wright,* 262 F.3d at 614; *Warner,* 46 F.3d at 534–35. Although a state law claim may be preempted by ERISA under § 1144(a), it is not removable to federal court unless the claim is completely preempted by ERISA. *Wright,* 262 F.3d at 614; *Lazorko,* 237 F.3d at 248–51; *Dukes,* 57 F.3d at 355; *Warner,* 46 F.3d at 534–35.

In the instant case, there is complete ERISA preemption. ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), has a broad scope of complete preemption. *Metropolitan Life,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55; *Peters,* 285 F.3d at 467–68; *Smith,* 170 F.3d at 613–14; *Strong,* 78 F.3d at 259. When Congress enacted 29 U.S.C. § 1132(a), it clearly

manifested an intent to make causes of action within the scope of the ERISA civil enforcement provision removable to federal court. 29 U.S.C. § 1132(a), by providing an ERISA civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully the complaint is pleaded as a state law claim. *Copling*, 174 F.3d at 594. All actions brought in the state or federal courts to enforce rights under ERISA are regarded as "arising under the laws of the United States" for jurisdictional purposes under 28 U.S.C. § 1331. *Metropolitan Life*, 481 U.S. at 65–67, 107 S.Ct. 1542.

29 U.S.C. § 1132(a)(3) is applicable to McSharry's claims of retaliation in employment and retaliatory discharge. 29 U.S.C. § 1132(a)(3) provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Furthermore, ERISA contains its own whistleblower provision in 29 U.S.C. § 1140 *See Hashimoto*, 999 F.2d at 411. Section 1140 provides that 29 U.S.C. § 1132 shall be applicable in the enforcement of 29 U.S.C. § 1140.

Although McSharry's complaint technically pleads causes of action for retaliation and wrongful discharge from employment under Tennessee law, his claims are federal in character by virtue of the clearly manifested intent of Congress under 29 U.S.C. §§ 1132(a) and 1140. In sum, McSharry's claims arise under the laws of the United States for purposes of federal question jurisdiction under 28 U.S.C. §§ 1331 and his complaint is removable because his claims are completely preempted by ERISA under 29 U.S.C.

§§ 1132(a) and 1140. Based on the doctrine of complete federal preemption, the defendant has a right to remove McSharry's claims to federal court pursuant to 28 U.S.C. §§ 1331 and 1441(b). *Metropolitan Life*, 481 U.S. at 65–67, 107 S.Ct. 1542.

Other courts considering this same question have held that analogous state law claims of wrongful discharge from employment, including claims brought under state whistleblower statutes, are completely preempted by ERISA and may be removed to federal court. *Anderson*, 11 F.3d 1311; *Hashimoto*, 999 F.2d 408; *Peterson*, 1999 WL 793942; *McLean*, 777 F.Supp. 1480; *McClintick v. Timber Products Manufacturers, Inc.*, 105 Wash.App. 914, 21 P.3d 328 (2001); *Andrews*, 871 P.2d 1142. This Court agrees with and follows this line of case law. . This conclusion is consistent with the Sixth Circuit precedent in *Authier*, 757 F.2d 796.

## C. *Fiduciary Status and Equitable Remedy*

■ McSharry argues there is no remedy available to him under ERISA. He contends the remedies provided in 29 U.S.C. § 1132(a) are available only to participants and beneficiaries of ERISA plans. McSharry says that he is not an ERISA participant or beneficiary, and he does not seek to enforce any rights under a particular ERISA plan.

This argument fails. Although McSharry is not a participant or beneficiary, he is a "fiduciary" as that term is defined in ERISA. 29 U.S.C. § 1132(a) is not limited to civil enforcement actions by only participants and beneficiaries. Fiduciaries may also bring civil actions in the courts. 29 U.S.C. § 1132(a)(3) provides that a civil action may be brought by a fiduciary "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the [ERISA] plan, or (B) to ob-

tain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." "Fiduciary" includes not only the trustee under an ERISA plan but also agents of the trustee who exercise discretionary control or authority over the ERISA plan's management, administration, or assets. 29 U.S.C. § 1002(21)(A); *See Mertens v. Hewitt Associates,* 508 U.S. 248, 251–52, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993); *Hashimoto,* 999 F.2d at 411.

In his complaint, McSharry avers that defendant UnumProvident is an ERISA fiduciary and he was an employee/agent of UnumProvident. In *Hashimoto,* 999 F.2d at 411, the Ninth Circuit explains that the ERISA fiduciary is usually a corporation. It would be illogical to restrict the ERISA whistleblower protection, 29 U.S.C. § 1140, to the corporation and not extend it to the corporation's employees and agents. A corporation that is an ERISA fiduciary can only act through its officers, employees, and agents. *Id.* Based on *Hashimoto* and the averments set forth in McSharry's complaint, this Court finds that McSharry has the status of an ERISA fiduciary who is empowered under 29 U.S.C. § 1132(a)(3) to bring a civil action in court to enforce the ERISA whistleblower provision, 29 U.S.C. § 1140. *Hashimoto,* 999 F.2d at 411. Consequently, McSharry has an equitable remedy available to him under ERISA, 29 U.S.C. §§ 1132(a)(3) and 1140.

■ The Court recognizes that, from McSharry's viewpoint, the equitable relief available to him under 29 U.S.C. §§ 1132(a)(3) and 1140 may not provide him the remedies that he seeks He demands compensatory damages for back wages and punitive damages which are not authorized by 29 U.S.C. §§ 1132(a)(3) and 1140. The term "equitable relief" in 29 U.S.C. § 1132(a)(3) refers only to those categories of relief that were typically available in equity such as injunctions, mandamus and restitution, but not compensatory and punitive damages. *Mertens,* 508 U.S. at 255–56, 113 S.Ct. 2063; *Caffey v. Unum Life Ins. Co.,* 302 F.3d 576, 583 (6th Cir.2002); *Allinder v. Inter-City Products Corp. (USA),* 152 F.3d 544, 552 (6th Cir.1998).

The change wrought by ERISA in the array of available remedies does not undermine or preclude the complete federal preemption of McSharry's claims under ERISA,and their removal by the defendant to federal district court. *Zuniga,* 52 F.3d at 1401; *Tolton,* 48 F.3d at 943. Where rights are guaranteed by ERISA and ERISA provides a specific remedy, then the remedy for such rights under ERISA is exclusive. *Zuniga,* 52 F.3d at 1401; *International Resources v. New York Life Ins.,* 950 F.2d 294, 298 (6th Cir.1991). As a general rule, the absence of a particular remedy under ERISA does not mean that state-law remedies are preserved. *Agrawal v. Paul Revere Life Ins. Co.,* 205 F.3d 297, 302 (6th Cir.2000); *Zuniga,* 52 F.3d at 1401. When Congress has designed a mechanism to enforce the rights and duties of ERISA entities, the broad preemption of ERISA prevents the application of state law. *Agrawal,* 205 F.3d at 302; *Smith,* 170 F.3d at 616–17.

Accordingly, McSharry's motion to remand [Court File No. 15] is **DENIED**.

SO ORDERED.