**Rosalyn LEVITANKSY, Plaintiff**

v.

**FIA CARD SERVICES,
N.A., Defendant.**

**No. 1:07CV1048.**

United States District Court,
N.D. Ohio,
Eastern Division.

June 8, 2007.

Brian G. Ruschel and Mark Schlachet, Cleveland, OH, for Plaintiff.

Lawrence M. Benjamin and Natalie E. Norfus of Neal, Gerber & Eisenberg, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the court upon Plaintiff Rosalyn Levitansky's ("Levitanksy") Motion to Remand. (Dkt.# 7). Also before the court is Defendant FIA Card Service, N.A.'s, ("FIA") Memorandum in Opposition to Plaintiff's Motion to Remand. (Dkt.# 11) and Plaintiff's corrected Reply in Support of Motion to Remand (Dkt.# 12). For the reasons discussed below, Plaintiff's Motion to Remand is **GRANTED.**

## I. FACTUAL BACKGROUND

Plaintiff is the representative of a class of individuals who made agreements with FIA, a credit card company, for cash advances. (Dkt.# 1, Compl.¶ 1).[1] Defendant extended one or more promotional offers for balance transfers and cash advance checks where the transaction fees would be limited to 3% of each advance. Plaintiff alleges that her contract with FIA also stipulated that the maximum allowable transaction fee was $75. (Dkt.# 1, Compl. ¶ 3). Plaintiff alleges that FIA charged $240 for cash advance fees and balance transfers, in excess of the agreed amount of $75. (Dkt.# 1, Compl.¶ 7).

## II. PROCEDURAL HISTORY

Plaintiffs filed this action in the Cuyahoga County Court of Common Pleas. Defendant removed the action to this Court under 28 U.S.C. § 1441(a) and (b). (Dkt.# 2, Dkt.# 7). The Plaintiff then filed a Motion to Remand to the Cuyahoga County Court of Common Pleas, asserting that her claim is a state common law breach-of-contract claim. (Dkt.# 7).

## III. STANDARD OF REVIEW

If the Court's jurisdiction is founded on a claim or right arising under the Constitution, treaties or laws of the United States, the action is removable without regard to the citizenship or residence of the parties. 28 U.S.C. § 1441(b). The party seeking removal bears the burden of demonstrating that the Court has jurisdiction. *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549 (6th Cir.2006).

▮ Whether an action arises under federal law is determined by reference to the Plaintiff's well-pleaded complaint. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). The existence of a federal defense, including the defense of pre-emption by federal law, will not bring a plaintiff's state-law claim within the Court's federal question jurisdiction. *Id.* This is so even if the defense is anticipated by the well-pleaded complaint and the parties agree that the federal defense is the only matter truly at issue. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The Supreme Court has nonetheless recognized two exceptions to this general rule. First, Congress may expressly provide that a state claim may be removed to federal court. *Beneficial*, 539 U.S. at 8, 123 S.Ct. 2058. Second, a federal statute may wholly displace the state-law cause of action through complete pre-emption. *Id.*

▮ Complete pre-emption must be distinguished from ordinary pre-emption. *Roddy v. Grand Trunk W. RR Inc.*, 395 F.3d 318, 323 (6th Cir.2005). Ordinary pre-emption is a defense that state courts are presumptively competent to decide. *Wright v. General Motors Corp.*, 262 F.3d 610, 615 (6th Cir.2001). "The complete preemption doctrine is not simply one of preemption of the law, it is a sort of 'super preemption' which preempts not only state law, but also creates federal removal jurisdiction—to use the jargon of the day, it is 'preemption on steroids.'" *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 553 (6th Cir. 2005). Complete pre-emption requires a demonstration of Congressional intent not only to preempt state law but also to remove the subject matter from the state courts entirely. *Metropolitan Life Ins.*

---

1. The class is defined as, "all persons who received and accepted offers from Defendant that limited transaction fees for balance transfers and cash advance checks to a maximum of $75 each but who were charged more than $75 on their initial balance or cash advance checks thereafter." (Dkt.# 1, Compl.¶ 1).

Co. v. Taylor, 481 U.S. 58, 66–67, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1253 (6th Cir.1996).

■ "In the absence of explicit direction from Congress, the Supreme Court has stated that it would be reluctant to find the extraordinary preemptive power that converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Roddy*, 395 F.3d at 323. Absent such explicit direction, Congress's intent to completely pre-empt state law "is expressed through the creation of a parallel federal cause of action that would 'convert' a state cause of action into the federal action for purposes of the well-pleaded complaint rule." *Id.; see also Beneficial*, 539 U.S. at 8, 123 S.Ct. 2058 (explaining that complete preemption only exists where "the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action").

## IV. LAW AND ANALYSIS

■ FIA relies on Sections 85 and 86 of the National Bank Act to completely pre-empt Plaintiff state law claims. Section 85 of the National Bank ACt establishes that, "any association may take, receive, reserve, and charge on any loan or discount made, or upon any notes, bills of exchange, or other evidences of debt, interest at the rate allowed by the state where the bank is located, or at a rate in excess of 1 per centum in excess of the discount rate on ninety day commercial paper in effect at the Federal reserve bank in the Federal reserve where the bank is located, whichever may be greater." Section 86 established the standards for "usurious interest," which is "charging a rate of interest greater than is allowed by the preceding

section" and establishes a remedy for violating Section 85.

As FIA notes, the Supreme Court recently held that these two sections of the National bank Act completely pre-empt state law. *Beneficial*, 539 U.S. at 11, 123 S.Ct. 2058 ("Because §§ 85 and 86 [of the NBA] provide the exclusive cause of action for [usury] claims, there is, in short, no such thing as a state-law claim of usury against a national bank."). In *Beneficial*, the plaintiffs brought a complaint in Alabama state court against a national bank, alleging "usury violations" for charging "excessive interest in violation of the common law usury doctrine" and Alabama law. *Id.* at 9, 123 S.Ct. 2058. The case was removed on the basis that the usury cause of action was completely pre-empted by Sections 85 and 86 of the National Bank Act. The Supreme Court addressed these provisions of the National Bank Act, noting:

> Sections 85 and 86 serve distinct purposes. The former sets forth the substantive limits on the rates of interest that national banks may charge. The latter sets forth the elements of a usury claim against a national bank, provides for a 2–year statute of limitations for such a claim, and prescribes the remedies available to borrowers who are charged higher rates and the procedures governing such a claim. If, as petitioners asserted in their notice of removal, the interest that the bank charged to respondents did not violate § 85 limits, the statute unquestionably pre-empts any common-law or Alabama statutory rule that would treat those rates as usurious. The section would therefore provide the petitioners with a complete federal defense.

> *Id.* at 9, 123 S.Ct. 2058.

■ The Court found, however, that the federal defense alone was not enough to justify removal. "Only if Congress intended § 86 to provide the exclusive cause of action for usury claims against national banks would the statute be comparable to the provisions" the Court had previously relied upon to find complete pre-emption. *Id.* The Supreme Court concluded that, "because §§ 85 and 86 provide the exclusive cause of action for such claims, there is, in short, no such thing as a state-law claim of usury against a national bank."

In the instant case, Plaintiff argues that *Beneficial* does not apply because her claims do not sound in usury. Specifically, Levitansky distinguishes the instant case because she is not claiming that FIA charged interest in excess of that allowed by law. Levitanksy points out that the 3% transaction fee is not in violation of state law or the National Bank Act. Instead, Levitansky claims that FIA charged a transactional fee that was not actually negotiated by the parties. Therefore, Levitansky only pleads state law breach of contract claims. In *Patterson v. Regions Bank,* the Northern District of Illinois remanded a breach of contract claim absent any usury allegations to state court. *Patterson v. Regions Bank,* No. 06–CV–469–DRH, 2006 WL 3407852 *5 (S.D.Ill.2006).

In *Patterson,* the plaintiff brought a claim against the defendant bank, alleging that the bank violated the Illinois Consumer Fraud and Deceptive Business Practices Act by charging a higher interest rate on a promissory note than originally negotiated. The defendant removed the case, asserting federal question jurisdiction because plaintiff's state-law usury claims were completely preempted by the National Bank Act. The court determined that the crux of the plaintiff's argument was that the interest rate on the note was not the interest rate that the defendant allegedly represented it would apply. As the plaintiff was not arguing that the interested rate exceeded what was allowed by law, the court determined that plaintiff was not alleging usury claims. *Patterson,* No. 06–CV–469–DRH, 2006 WL 3407852 *3 (S.D.Ill.). Specifically, the court found that "allegations such as these... do not fall within the ambit of... the National Bank Act." *Id.*

■ Similar to the plaintiff in *Patterson,* Levitansky does not allege that the interest rates charged by FIA are usury. Levitanksy's sole claim is that the transaction fee charged exceeds the alleged $75 maximum negotiated by contract. She does not allege that FIA's 3% transactional fee is illegal under Delaware law. Therefore, Levitansky is not asking for relief under Sections 85 and 86 of the National Bank Act because she is not challenging "the substantive limits on the rates of interest that national banks may charge." *See, Beneficial,* 539 U.S. at 9, 123 S.Ct. 2058. Furthermore, as the *Patterson* court noted, "expressly excluded from preemption are state laws only incidentally affecting the bank's lending power: contracts, torts, and criminal law. *See 12 C.F.R. §§ 7.4008(e)* and *34.4(b)*." *Id.* at 6, 123 S.Ct. 2058.

## V. CONCLUSION

For the forgoing reasons, the Court hereby orders that the Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) and (b) is GRANTED. (Dkt.# 7) and this matter remanded to the Cuyahoga County Court of Common Pleas.

**IT IS SO ORDERED.**