RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 07a0303p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

GRAND TRUNK WESTERN RAILROAD
INCORPORATED,

*Plaintiff-Appellee,*

           No. 06-4548

*v.*

BROTHERHOOD OF MAINTENANCE OF WAY
EMPLOYEES DIVISION,

*Defendant-Appellant,*

NATIONAL MEDIATION BOARD,

*Intervenor.*

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 06-01749—David A. Katz, District Judge.

Argued: July 19, 2007

Decided and Filed: August 9, 2007

Before: KENNEDY, GIBBONS, and McKEAGUE, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Richard S. Edelman, O'DONNELL, SCHWARTZ AND ANDERSON, Washington, D.C., for Appellant. Robert S. Hawkins, BUCHANAN INGERSOLL & ROONEY, Philadelphia, Pennsylvania, for Appellee. **ON BRIEF:** Richard S. Edelman, O'DONNELL, SCHWARTZ AND ANDERSON, Washington, D.C., for Appellant. Robert S. Hawkins, BUCHANAN INGERSOLL & ROONEY, Philadelphia, Pennsylvania, for Appellee. Holly Taft Sydlow, ASSISTANT UNITED STATES ATTORNEY, Toledo, Ohio, for Intervenor.

_____

## OPINION

_____

    JULIA SMITH GIBBONS, Circuit Judge. Defendant-appellant Brotherhood of Maintenance of Way Employees Division ("the Union") appeals the district court's grant of a preliminary injunction to plaintiff-appellee Grand Trunk Western Railroad, Inc. ("GTW") enjoining the Union from exercising self-help over a dispute concerning changes to the parties' Collective Bargaining Agreements ("CBAs") and enforcing the requirements of the Railway Labor Act, 45 U.S.C. §§ 151-

164 ("RLA"). The Union argues that the Norris-LaGuardia Act, 29 U.S.C. § 101 *et seq.* ("NLGA"), deprived the district court of jurisdiction to grant an injunction to GTW because the Union alleges that GTW has not made every reasonable effort to negotiate a new labor agreement. For the following reasons, we affirm the decision of the district court.

I.

On December 3, 2004, the Union, which represents employees of GTW, served notices under section 6 of the RLA seeking changes in the CBAs between GTW and the Union. GTW and the Union met and negotiated with each other from January 2005 to September 2005, exchanging proposals and counter-proposals. On September 9, 2005, the Union unilaterally terminated negotiations, announcing that "any further effort to arrange for conferences would be futile and would . . . accomplish nothing more than further delay." The Union did not seek mediation and maintains that it would have had the right to strike after ten days from the termination of negotiations if GTW had not applied for mediation. GTW expressed an interest in and willingness for continued negotiation and applied for mediation with the National Mediation Board ("NMB") on September 13, 2005. The NMB accepted GTW's application and has exercised jurisdiction over the dispute since September 14, 2005. The parties attended mediation sessions on November 8-9, 2005, January 10-13, 2006, and March 14-16, 2006. During these sessions, the Union sought a release from mediation. At the conclusion of the March 14-16 session, the NMB recessed the mediation and told the parties that no additional dates would be scheduled until the parties had reevaluated their respective positions. From March to May 2006, the Union sent numerous letters to the NMB requesting that additional mediation dates be scheduled, however, the NMB refused because the parties had yet to modify their positions, which it determined was necessary for "meaningful negotiations."

From May to July 2006, the Union sent numerous letters to GTW, first proposing and then demanding that GTW meet with the Union to negotiate outside of the mediation. The Union issued an ultimatum that unless GTW agreed to negotiate outside of the mediation by July 14, 2006, the Union would "act accordingly." GTW forwarded the Union's requests to the NMB and advised the Union that it was willing to meet with the Union but that it "believe[d] it [wa]s appropriate that the NMB be involved in setting any future meetings." On July 17, 2006, the Union filed a complaint against GTW in the district court alleging that GTW violated the RLA by refusing to meet outside the mediation. On July 19, 2006, the Union conducted a strike against GTW. Following the strike, GTW negotiated with the Union outside of the mediation on July 21-22, 2006. The NMB held mediation sessions on August 6-7, 2006, and August 26-28, 2006. At the conclusion of the August 26-28 session, the NMB again recessed the mediation and told the parties that no additional dates would be scheduled until the parties had "reassessed their position and [were] prepared to engage in productive negotiations." On August 29, 2006, the Union again demanded that GTW negotiate outside the mediation, promising not to renew its strike against GTW if GTW would do so. GTW reiterated its willingness to participate in mediation but refused to schedule direct negotiations outside of the mediation.

GTW sought a preliminary injunction against the Union, preventing it from exercising self-help over the dispute while the parties were in mediation with the NMB. The district court granted the injunction, concluding that a strike by the Union during the mediation would violate the RLA and that GTW's refusal to negotiate outside of the mediation while the mediation was recessed did not violate its obligation to make "every reasonable effort" to settle the dispute.

II.

The Union's sole argument on appeal is that the district court lacked jurisdiction to enter the preliminary injunction because GTW failed to satisfy the requirements of section 8 of the NLGA by refusing to negotiate outside of the mediation. The NLGA withdraws jurisdiction from the federal courts to issue an injunction in a case involving or growing out of a labor dispute, except in strict conformity with the provisions of the NLGA. 29 U.S.C. § 101. The court "review[s] *de novo* the existence of subject matter jurisdiction as a question of law; factual determinations regarding jurisdictional issues are reviewed for clear error." *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001) (internal quotation marks omitted); *see also Westmoreland Coal Co. v. Int'l Union, United Mine Workers*, 910 F.2d 130, 135 (4th Cir. 1990) (reviewing jurisdiction under the NLGA *de novo*).

Section 8 of the NLGA states:

No restraining order or injunctive relief shall be granted to any complainant who has failed to comply with any obligation imposed by law which is involved in the labor dispute in question, or who has failed to make every reasonable effort to settle such dispute either by negotiation or with the aid of any available governmental machinery or mediation or voluntary arbitration.

29 U.S.C. § 108. The Union argues that GTW's conduct fails to satisfy section 8 for two reasons: (1) it constitutes a failure to comply with an obligation imposed by law because it violates section 2, First and Second, of the RLA, 45 U.S.C. § 152, subd. 1 & 2, and (2) it constitutes a failure to make "every reasonable effort" to settle the dispute. Section 2, First and Second, of the RLA states:

First. Duty of carriers and employees to settle disputes
It shall be the duty of all carriers, their officers, agents, and employees to exert *every reasonable effort* . . . to settle all disputes . . . .

Second. Consideration of disputes by representatives
All disputes between a carrier or carriers and its or their employees shall be considered, and, if possible, decided, with all expedition, in conference between representatives designated and authorized so to confer, respectively, by the carrier or carriers and by the employees thereof interested in the dispute.

45 U.S.C. § 152, subd. 1 & 2 (emphasis added). The statute requires "the employer to meet and confer with the authorized representative of its employees, to listen to their complaints, to make reasonable effort to compose differences—in short, to enter into a negotiation for the settlement of labor disputes such as is contemplated by section 2, First." *Bhd. of Ry. & S.S. Clerks v. Ass'n for the Benefit of Non-Contract Employees*, 380 U.S. 650, 658 (1965) (quoting *Virginian Ry. Co. v. Sys. Fed'n No. 40*, 300 U.S. 515, 548 (1937)); *see also Rutland Ry. Corp. v. Bhd. of Locomotive Eng'rs*, 307 F.2d 21, 40 (2d Cir. 1962) (concluding that, to the extent the second subdivision imposed a duty to confer different from the duty to negotiate, the duty to negotiate subsumed the duty to confer). Section 8 of the NLGA imposes "almost identical" requirements on a party seeking an injunction. *Local 553, Transp. Workers Union v. E. Air Lines, Inc.*, 695 F.2d 668, 679 (2d Cir. 1982). A party seeking an injunction is required "to make *every reasonable effort* to settle such dispute either by negotiation or with the aid of any available governmental machinery or mediation or voluntary arbitration." 29 U.S.C. § 108 (emphasis added). The statute requires a party to "make all reasonable effort, at the least by the methods specified if they are available, though none may involve complying with any legal duty." *Bhd. of R.R. Trainmen, Enter. Lodge, No. 27 v. Toledo, Peoria & W.R.R.*, 321 U.S. 50, 57 (1944). The methods specified must be exhausted "not singly or

alternatively, but conjunctively or successively, when available." *Id.* at 58. Therefore, the court need not analyze the requirements of the RLA and the NLGA separately; if GTW has made "every reasonable effort," it will have satisfied the requirements of both statutes.

As there are no factual disputes regarding what efforts GTW has made to settle the dispute, it is solely a legal question whether those efforts constitute "every reasonable effort." The Union frequently asserts, without any support, that GTW has failed to make "every reasonable effort" by refusing to negotiate outside of the mediation. In fact, the evidence shows that direct negotiation between the Union and GTW outside of the mediation is not a "reasonable effort" that GTW is required to undertake at this time. GTW has twice engaged in direct negotiations with the Union. Immediately after the Union requested changes to the CBAs, GTW and the Union met and negotiated for nine months before the Union unilaterally terminated negotiations and declared them "futile." Despite a desire to continue negotiations at that time, GTW was forced to request mediation to prevent a possible strike by the Union. Mediation proved no more successful at resolving the dispute, as the Union sought to be released from mediation, and the NMB concluded that negotiations would not be meaningful until the parties modified their positions. After the Union's strike, and despite a lack of any change in the positions of the parties, GTW again negotiated directly and engaged in mediation with the Union, arriving at the same result. The negotiations were unsuccessful in resolving the dispute, and the NMB concluded that negotiations would not be productive until the parties modified their positions. As the positions of the parties remain unchanged, it would not be reasonable to require GTW to engage in a third round of direct negotiations that are unlikely to succeed where two previous rounds of direct negotiation and mediation have failed. *See Bhd. of Maint. of Way Employees v. Union Pac. R. Co.*, 358 F.3d 453, 458 (7th Cir. 2004) ("[T]he law requires that a party make every *reasonable* effort, not every *conceivable* one."). Therefore, GTW has satisfied any requirements imposed by section 8 of the NLGA, and the district court had jurisdiction to enter the preliminary injunction.

III.

For the foregoing reasons, we affirm the district court's decision.